IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN LARKIN, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO. 2:12cv1121-WKW |
| | )           (WO) |
| BRANCH BANKING and TRUST CO., | ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 27, 2012, the plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 2). Although the plaintiff submitted a sworn affidavit, the affidavit did not provide the court with the information necessary for a determination of whether the plaintiff should be allowed to proceed without prepayment of a filing fee in this cause of action. Accordingly, on January 9, 2013, the court ordered that, "on or before January 23, 2013, the plaintiff shall file the appropriate documentation in support of his motion for leave to proceed *in forma pauperis* or the $350.00 filing fee." (Doc. 4). The court cautioned the plaintiff that, if he failed to comply with the court's order, "the Magistrate Judge will recommend that this case be dismissed." (Doc. 4).

The plaintiff did not file documentation in support of his motion for leave to proceed *in forma pauperis,*, and he did not submit the $350.00 filing fee. Accordingly, on January 30, 2013, the court ordered the plaintiff to show cause by February 13, 2013, why this case should not be dismissed for his failure to comply with this court's January 9, 2013 order, and

his failure to prosecute. In this court's January 30, 2013, order, the court specifically warned:

> ***The plaintiff is specifically advised that if he fails respond as required by this order, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.***

(Doc. 5 p. 2) (emphasis in original).

The plaintiff failed to file a response to this court's January 30, 2013, order.

Consequently, based on the plaintiff's failure to file documentation in support of his application to proceed *in forma pauperis* or pay the filing fee, and based on his failure to respond to this court's orders, the court concludes that he has abandoned his claims. "[E]ven a non-lawyer should realize the peril to h[is] case when []he . . . ignores numerous notices" and court orders. *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167-69 (5th Cir. 1980); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981). "Even a non-lawyer should realize the need to communicate . . . with the court." *Id.*

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the complaint be **DISMISSED** without prejudice. It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **March 5, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner*, 661 F.2d 1206 (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of February, 2013.

    /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE